UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 15-40093 |
| | ) | Chapter 7 |
| JODI KAY McGEE | ) | |
| fka Jodi Kay Jansen | ) | DECISION RE: TRUSTEE'S |
| fka Jodi Kay Lindberg | ) | OBJECTION TO EXEMPTIONS |
| SSN/ITIN xxx-xx-2631 | ) | AND MOTION FOR TURNOVER |
| | ) | |
| Debtor. | ) | |

The matter before the Court is Trustee Lee Ann Pierce's Objection to Claimed Exemptions and Motion for Turnover. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c). For the reasons discussed below, the Court will order Debtor to turn over the alimony awarded to her pre-petition but not yet received as of the petition date, less an allowed exemption of $3,130.00 under S.D.C.L. § 43-45-4.

I.

Trustee Lee Ann Pierce and Debtor Jodi Kay McGee stipulated to the following facts (doc. 30):

1. Debtor filed a chapter 7 bankruptcy petition in the [District] of South Dakota on March 4, 2015[,] and Lee Ann Pierce was appointed Trustee on the same day.

2. Debtor listed an asset identified [as] past due alimony owed to her as of March 14, 2015 on Schedule B and valued the asset at $3,130.00. Debtor exempted the $3,130.00 under [S.D.C.L. §] 43-45-4. There is no dispute between the parties that Debtor is entitled to this exemption.

3. In addition, on Schedule B, Debtor listed a right to future alimony payments valued at $12,500.00 and exempted the $12,500.00 under [S.D.C.L. §] 43-45-2.

4. Debtor described the right to the future alimony payments on Schedule B as being payable at the rate of $500.00 per month beginning March 15, 2015 and ending March 15, 2017.

5.  Debtor's divorce settlement agreement, a copy of which [the parties filed with their stipulated facts] and incorporated [in their stipulated facts by] reference, contains the following provision:

> That the Defendant agrees to pay $500.00 in monthly spousal support for a period of [three] years (36 months), for a total of $18,000. Payments shall commence on or before April 15, 2014, and payments shall be made thereafter on or before the 15th of each month by way of cashier's check or money order.

6.  Debtor's divorce settlement agreement was approved on August 1, 2014 by the [state court] in a Judgment and Decree of Divorce entered in Minnehaha County, Second Judicial Circuit, divorce file number 14-416, and signed by the Hon. Patricia C. Riepel.

7.  Of the $18,000.00 in alimony which the [state court] ordered Debtor's ex-husband to pay her, [Debtor] received $2,370.00 prior to filing for bankruptcy; she claimed $3,130.00 in arrears exempt under [S.D.C.L. §] 43-45-4[,] and $12,500.00 in future alimony exempt under [S.D.C.L. §] 43-45-2[,] for a total of $18,000.00.

8.  The parties agree Debtor has not received the $500.00 per month in alimony payments as ordered in the Judgment and Decree of Divorce during the period from the date of filing on March 14, 2015[1] and the date of this stipulation which is September 11, 2015; however, all amounts she has received have been applied to the $3,130.00 in arrears she claimed exempt under [S.D.C.L. §] 43-45-4. Debtor has not received any payments on the $12,500.00 in future alimony owed on the date of filing.

9. [Trustee Pierce] filed an Objection to Claimed Exemptions and Motion for Turnover (doc. 18) [on] April 29, 2015. [Debtor] filed a response (doc. 19) on May 18, 2015.

The parties further stipulated the issue presented is whether Debtor's alimony award may be claimed exempt under S.D.C.L. § 43-45-2(9). This statute provides:

The property mentioned in this section is absolutely exempt from all such

---

[1] It appears this date is a typographical error. Debtor's petition was actually filed March 4, 2015.

>    process, levy, or sale, except as otherwise provided by law:
>
>    . . . .
>
>    (9) Any court ordered domestic support award of alimony, maintenance, or support of the debtor which is not a gross or lump sum and does not exceed seven hundred fifty dollars per month.

The parties filed briefs in support of their respective positions. The matter was then taken under advisement.

## II.

In her brief (doc. 33), Trustee Pierce relies on three opinions by the South Dakota Supreme Court that refer to "gross alimony" as alimony ordered for a set dollar amount that is payable either in a lump sum or in installments: *Saxvik v. Saxvik*, 544 N.W.2d 177, 180 (S.D. 1996), *Blare v. Blare,* 302 N.W.2d 787, 790 (S.D. 1981), and *Holt v. Holt*, 176 N.W.2d 51, 53 (S.D. 1970). She also argues:

> The terms "alimony in gross" and "gross alimony" are applied to an amount agreed upon or determined in full or in lieu of all alimony, and such amount is frequently payable in installments. *Black's Law Dictionary, page 632*, 5th ed., 1979.

Based on these cases and the cited provisions from BLACK'S, she argues the $18,000.00 awarded to Debtor pre-petition was a gross sum not eligible for exemption under S.D.C.L. § 43-45-2(9).

Debtor, in her brief (doc. 34), correctly notes the issue in *Blare* and *Holt*, with *Blare* citing *Holt,* was whether a gross sum awarded to one spouse in a divorce proceeding, paid in installments for a designated time, constituted a final judgment that could not be modified. *Blare*, 302 N.W.2d at 788-90; *Holt*, 176 N.W.2d at 53. Debtor also correctly notes both *Blare* and *Holt* were decided before S.D.C.L. § 43-45-2(9) was adopted. She provided a definition of "lump sum alimony": a "settlement or payment of money or property in divorce action made in a single payment instead of installments. Sometimes called 'alimony in gross.'" BLACK'S LAW DICTIONARY (5th ed. 1979). Debtor argues § 43-45-2(9) would be rendered meaningless unless a

-3-

support award were "permanent in nature." Debtor then argues this would be contrary to the legislative intent and the "debtors' bankruptcy bar['s] grass roots effort" to amend the state's exemption statutes to protect a reasonable amount of spousal support.

III.

There is no dispute the $18,000.00 awarded to Debtor in her divorce was a "court ordered domestic support award"–the state court's decree describes it as such, and neither party has argued to the contrary. *See In re Koryn Michele Steen*, Bankr. No. 10-10206, 2012 WL 1252668, at *4 n.11 (Bankr. D.S.D. April 13, 2012) (citing *Peterson v. Peterson*, 434 N.W.2d 732, 735 (S.D. 1989)) (labels in a divorce-related order or stipulation are not determinative in distinguishing a support award from a property division award). Thus, the first requirement for the award to fall under the exemption at § 43-45-2(9) is met.

The second requirement is that the award not be "a gross or lump sum." This element is more problematic: The South Dakota legislature did not define these terms within S.D.C.L. § 2-14-2 (definition of terms used in the code), § 43-45-2 itself, or chapter 43-45.

The interpretation of a statute is a question of law, *State v. Burdick*, 712 N.W.2d 5, 7 (S.D. 2006) (citations therein), and this Court is bound by the construction given a state statute by that state's courts. *Albertson v. Millard*, 345 U.S. 242, 244 (1953); *Behlmann v. Century Sur. Co.*, 794 F.3d 960, 963 (8th Cir. 2015). As provided in South Dakota, "Words used are to be understood in their ordinary sense except [words defined in § 2-14-2]." S.D.C.L. § 2-14-1 (in pertinent part). Further,

> [o]ur interpretation of a statute is confined to the language used by the Legislature. *See In re Estate of Gossman*, 1996 S.D. 124, ¶ 10, 555 N.W.2d 102, 106 (citations omitted). "Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and [this] Court's only function is to declare the meaning

of the statute as clearly expressed." *Dep't of Transp. v. Clark*, 2011 S.D. 20, ¶ 5, 798 N.W.2d 160, 162 (alteration in original) (citation omitted). Accordingly, "[a] court is not at liberty to read into the statute provisions which the Legislature did not incorporate, or enlarge the scope of the statute by an unwarranted interpretation of its language." *In re Adams*, 329 N.W.2d 882, 884 (S.D. 1983) (citation omitted).

*Save Our Neighborhood–Sioux Falls v. City of Sioux Falls*, 849 N.W.2d 265, 268 (S.D. 2014). *Accord Paul Nelson Farm v. South Dakota Dept. of Revenue*, 847 N.W.2d 550, 554 (S.D. 2014); *In re Certification of a Question of Law from United States Dist. Court, Dist. of S.D.*, 779 N.W.2d 158, 162 (S.D. 2010); *Whalen v. Whalen*, 490 N.W.2d 276, 280 (S.D. 1992) (the language in a statute must be given its plain, ordinary, and popular meaning).

"Gross" is used numerous times in the state code in different chapters, often referring to a total or original quantity. *See, e.g.*, S.D.C.L. §§ 10-39-44 and 55-12-4. The term "alimony in gross" or "gross alimony" has also seen frequent use in South Dakota case law. Early case law indicates alimony in gross was considered a single payment award from one divorcing spouse to the other, with some measure of finality attaching to that award. *See Narregang v. Narregang*, 139 N.W. 341, 342 (S.D. 1913). The *Holt* decision followed, where the South Dakota Supreme Court attached the same finality to a gross award from one spouse to the other, regardless of whether the award was related to property division or support. *Holt*, 176 N.W.2d at 53.

Adopting the reasoning of the Nebraska Supreme Court, the South Dakota Supreme Court in *Holt* further held "an unqualified allowance in gross, in a divorce decree [may be either] *payable immediately in full or periodically in instalments* [sic][.]" *Id*. at 53 (emphasis added) (quoting *Ziegenbein v. Damme*, 292 N.W. 921, 923 (Neb. 1940)). The South Dakota Supreme Court followed suit in *Blare*. *Blare*, 302 N.W.2d at 788-91.

Since *Blare*, when considering the finality of a divorce-related award, the South Dakota Supreme Court has more clearly drawn a distinction between a fixed sum for *support* payable over a certain time, which may be modified, and a fixed sum payable

over time awarded in lieu of a *division of property*, which usually may not be modified, thus apparently narrowing the finality holding in *Blare*. *Foley v. Foley*, 429 N.W.2d 42 (S.D. 1988). *See also, e.g., Oman v. Oman*, 702 N.W.2d 11, 15 (S.D. 2005); *Steffens v. Peterson*, 503 N.W.2d 254, 259 (S.D. 1993). This Court, however, was unable to find any case in which the South Dakota Supreme Court has altered its earlier holding in *Blare* that a divorce-related gross sum award may be payable in installments without affecting its characterization as a gross sum.

The South Dakota legislature would have been aware of these previous judicial references to gross alimony when it adopted S.D.C.L. § 43-45-2(9). *See Burdick*, 712 N.W.2d at 5-10 (state legislature would have been aware of previous Supreme Court opinions discussing element of an unlawful or unauthorized entry before first amending S.D.C.L. § 22-32-8 regarding a type of felony burglary). However, the legislature chose not to separately or differently define "gross" sum as part of the statute.[2] While the proponents of § 43-45-2(9) may have intended gross sum alimony to mean something different–as Debtor suggests in her brief–no different meaning arises from the statute as enacted. Thus, this Court concludes a gross sum under § 43-45-2(9) is a fixed sum, even if it is payable over time.

Only if the Court ignores the phrase "is not a gross or lump sum and" in S.D.C.L. § 43-45-2(9) could the Court reach the result sought by Debtor. That the Court cannot do. *Jensen v. Turner County Bd. of Adjustment*, 730 N.W.2d 411, 415 (S.D. 2007) (wordage in a statute should not be found to be surplus or left without meaning).

Herein, the Court considers only whether the $18,000.00 support award is a "gross" sum. The issue of whether the subject $18,000.00 is also a "lump" sum need not be reached. *See Biegler v. American Family Mut. Ins. Co.*, 621 N.W.2d 592, 605

---

[2]In reaching its decision, the Court notes S.D.C.L. § 43-45-2(9) does not use the express terms "gross alimony" or "alimony in gross." The statute's phrase is "alimony . . . which is not a gross . . . sum." The term, taken in context, however, yields the same result.

(S.D. 2001) ("or" in S.D.C.L. § 21-3-2 was disjunctive, and it was only necessary for the plaintiff to prove one of the three statutory alternatives). *Compare Gabriel v. Bauman*, 847 N.W.2d 537, 541-42 (S.D. 2014) ("or" in S.D.C.L. § 20-9-4.1 did not dictate "willful," "wanton," and "reckless" had different meanings). The Court notes, however, "lump sum" or "lump-sum" is frequently used in the South Dakota code, ranging from the payment of teacher bonuses, S.D.C.L. § 13-43-61 and -62, to calculating a lump sum payment upon application of a discount factor to a future damages award, S.D.C.L. § 21-3A-5 and -9, to determining parent support payments for a child, S.D.C.L. § 25-5-18.1. Each statutory reference to a "lump sum" seemingly carries the connotation of a single payment, which would thus give meaning to the disjunctive "or" and distinguish a "gross" sum from a "lump" sum. *Jensen,* 730 N.W.2d at 415.

Accordingly, guided by South Dakota case law defining gross sum alimony as an award of a fixed sum of support, regardless of whether it is paid at once or over a specified time, the Court concludes Debtor was awarded pre-petition gross sum alimony of $18,000.00 and this alimony came into the bankruptcy estate on the petition date to the extent it was unpaid. The unpaid portion as of the petition date does not qualify for exemption under S.D.C.L. § 43-45-2(9). Debtor's available exemption rests under S.D.C.L. § 43-45-4 to the extent of the statutory limit therein, of which Debtor has utilized a portion to exempt $3,130.00 of the unpaid alimony. The right to receive the balance of the alimony belongs to the bankruptcy estate and must be turned over by Debtor to Trustee Pierce.

An appropriate order will be entered.

Dated: October 6, 2015.

BY THE COURT:

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

Charles L. Nail, Jr.
Bankruptcy Judge